## TAYLOR *v.* MOORE.

### Opinion delivered April 17, 1897.

INSOLVENCY—LACHES IN FILING CLAIM WITH RECEIVER.—A creditor who neglects to file his claim with a receiver appointed by the court to take charge of an insolvent debtor's property until after the receiver has applied to the court for leave to distribute assets is not guilty of laches where he has an attachment against such property pending and undisposed of, and no notice has been given to creditors to present their claims to the receiver. (Page 25.)

RECEIVERSHIP—PARTICIPATION IN DISTRIBUTION.—A creditor is not debarred from participating in the distribution by a receiver of the debtor's assets because his claim is secured by a mortgage on other property. (Page 25.)

Appeal from Prairie Circuit Court in Chancery, Southern District.

JAMES P. ROBERTS, Special Judge.

#### STATEMENT BY THE COURT.

This is a controversy over an assignment made for the benefit of creditors January 2, 1893, by Mrs. Ella and Mrs. Anna Richardson, wives respectively of J. M. and R. E. Rich-

ardson, who had been for some time engaged in the mercantile business, but in the course of time, becoming unable to meet their obligations, made the assignment of all their property to J. U. Donovant for the benefit of all their creditors, without preferences.   The assignee at once qualified, took possession, and began to administer the estate, but immediately sundry creditors of the assignors sued out orders of attachment against the assigned property, and filed their suits at the same time against the assignors.   Under this state of things, the assignee, on application, was appointed receiver by the chancery court of Prairie county, in order that the assignment might be administered under the immediate orders and directions of that court, and he proceeded to execute the assignment, and under the orders of the court sold the property assigned.

The appellants W. F. Taylor & Co., and presumably appellants Hill, Fontaine & Co. (by oversight their interplea was omitted from the transcript), each purchased some of the property at the receiver's sale, and the same appears to have been seized by the sheriff under the orders of attachment, and for this property they respectively interpleaded.   Subsequently all the suits at law were transferred to the equity docket, and consolidated in one suit, numbered 207, which, we take it, is the suit in which this appeal is taken.

At the next succeeding term of the court the receiver made his report as to funds on hand, and as to creditors who had presented their claims to him, and the amounts thereof, and asked an order of distribution.   While this report was under consideration, W. F. Taylor & Co. and Hill, Fontaine & Co., who, it seems, had not up to this time presented their claims to the receiver, now did so, and asked to be made parties to the suit, and the receiver asked leave of the court to amend his report so as to include these two creditors; but the request of the receiver was denied by the court on the express ground that the claims of these two creditors, as it was shown to the court, had been secured by mortgage.   It was also contended in argument on behalf of the other creditors that, by reason of their delay in presenting their claims to the receiver, the two creditors were guilty of such laches as should debar them from any benefits in the distribution.

The mortgage referred to as securing the claims of W. F. Taylor & Co. and Hill, Fontaine & Co. was executed on the 27th of March, 1894,—about the time the pending suits were transferred from the law to the equity docket and consolidated into one suit,—by J. M. and R. E. Richardson, husbands respectively of the defendants as named in the suits, upon their own property, in which the defendants seem to have had no interest except, perhaps, dower interests.

There does not appear to have been any disposition of the attachments, nor any finding or judgment of the court as to the validity of the assignment; nor does there appear to have been any order directing creditors to come forward and present and prove their claims before the receiver or otherwise, nor any notice to that effect given.

*W. G. Weatherford*, for appellants.

*Thos. C. Trimble*, for appellees.

BUNN, C. J., (after stating the facts.) If the attachment suits were not abandoned, they, of course, were still pending at the time the report of the receiver was made and acted upon. If this be true, there seems to be an additional reason why the two excluded creditors were not to be held as guilty of laches.

If the attachment suits had been abandoned, creditors should have been notified in some appropriate way to present their claims and prove the same, if they had not already done so; and, as this seems not to have been done, there is little ground to charge creditors with laches.

The judgment and decree is reversed, and the cause is remanded, with directions: First, to make W. F. Taylor & Co. and Hill, Fontaine & Co. parties, and then to dispose of the attachments, if they have not been abandoned; and if they have been abandoned, then to have all creditors to come in and prove up their claims, unless already proved, and present them to the receiver, to share in the distribution of the funds subject to distribution. The report of the receiver, in which he has named claimants as entitled to distribution, may, of course, be excepted to, as regards any of such claims, on the ground that they are not entitled; but such exceptions should not be sustained merely on the ground that such claims have been secured

by mortgage, for that alone does not debar a creditor from his share in the distribution. But, as we have not all the evidence on this point, we must trust to the chancellor to proceed in this respect upon the principle announced by this court in analogous cases.